**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10259 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-01996-RCC |
| v. | |
| MIGUEL ANGEL IBARRA-SERVIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Miguel Angel Ibarra-Servin appeals from the district court's judgment and challenges the 30-month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Ibarra-Servin contends that the district court procedurally erred by failing to explain adequately the sentence and by failing to discuss the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court adequately explained the sentence, stating that a downward variance was warranted in light of Ibarra-Servin's medical condition and his efforts to improve his life. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the record reflects that the district court considered the section 3553(a) sentencing factors. *See id.* ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them."). To the extent that Ibarra-Servin argues that the district court erred in declining to grant a duress departure, we do not review that claim except as part of our review of the substantive reasonableness of the sentence. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1004-08 (9th Cir. 2012), *cert. denied*, 134 S.Ct. 76 (2013).

Ibarra-Servin also contends the sentence is substantively unreasonable because the district court failed sufficiently to account for his duress argument and gave undue weight to his prior conviction for conspiracy to transport and harbor illegal aliens. The district court did not abuse its discretion in imposing Ibarra-

Servin's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence 21 months below the bottom of the Guidelines range is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See id.*

**AFFIRMED.**

13-10259